1

HONORABLE RICHARD A. JONES

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

9

10   CHRIS BUNGER,

No.  2:15-cv-01050-RAJ

11              Plaintiff,

[PROPOSED] ORDER GRANTING
PLAINTIFF'S MOTION FOR JUDGMENT
UNDER FED.R.CIV.PRO. 52 AND
FINDINGS OF FACT AND CONCLUSIONS
OF LAW

12       v.

13   UNUM LIFE INSURANCE COMPANY
OF AMERICA,

14

15            Defendant.

16

17       This matter comes before the Court on Motions filed by Plaintiff Chris Bunger and

18   Defendant Unum Life Insurance Company of America ("Unum"), seeking a final judgment

19   under Federal Rule of Civil Procedure 52 based on an administrative record created in an

20   underlying Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA")

21   dispute.  Dkt. Nos. 13 and 14.

22       Plaintiff brings this action to recover short-term disability ("STD") and long-term

23   disability ("LTD") benefits under group short-term and long-term disability insurance policies

24   insured and administered by Unum.  Plaintiff submits that he was disabled under the terms of the

25   STD policy from August 30, 2014 through October 4, 2014, and that he was disabled under the

26   LTD policy from October 5, 2014 through June 5, 2015.  Defendants submit that Plaintiff was

27   not disabled under the Plans during those periods.

PLAINTIFF'S [PROPOSED] FOF & COL - 1

NO. 2:15-cv-01050-RAJ

LAW OFFICE OF MEL CRAWFORD
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.694-1614  Fax 206.905-2342

1    For the reasons set forth below, the Court finds Plaintiff was disabled under the terms of

2    the STD and LTD Plans, and entitled to receive disability benefits under those Plans, for the time

3    periods at issue.

4                                    **PROCEDURAL ISSUES**

5    Typically, a request to reach judgment prior to trial would be made under a Rule 56

6    motion for summary judgment; however under such a motion the court is forbidden to make

7    factual findings or weigh evidence. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809

8    F.2d 626, 630 (9th Cir. 1987). Instead, the parties here propose the Court conduct a trial on the

9    administrative record under Rule 52. This procedure is outlined in *Kearney v. Standard Ins. Co.*,

10   175 F.3d 1084, 1095 (9th Cir.1999) (noting that "the district court may try the case on the record

11   that the administrator had before it"). In a trial on the administrative record:

12           The district judge will be asking a different question as he reads the evidence, not
13           whether there is a genuine issue of material fact, but instead whether [the
             plaintiff] is disabled within the terms of the policy. In a trial on the record, but not
14           on summary judgment, the judge can evaluate the persuasiveness of conflicting
             testimony and decide which is more likely true.
15
     *Id*. Thus, when applying the *de novo* standard in an ERISA benefits case, a trial on the
16
     administrative record, which permits the court to make factual findings, evaluate credibility, and
17
     weigh evidence, appears to be the appropriate proceeding to resolve the dispute. *See Anderson v.*
18
     *Liberty Mut. Long Term Disability Plan*, 116 F. Supp. 3d 1228, 1231 (W.D. Wash. 2015)
19
     *Bigham v. Liberty Life Assurance Co. of Boston*, -- F.Supp.3d --, 2015 WL 8489417, at *1-2
20
     (W.D. Wash. 2015); *Casey v. Uddeholm Corp.*, 32 F.3d 1094, 1099 (7th Cir.1994).
21
22           Given the above law, and the intent of the parties, the Court will resolve the parties'

23   dispute in a bench trial on the administrative record rather than on summary judgment.

     Therefore, the court issues the following findings and conclusions, pursuant to Federal Rule of
24
     Civil Procedure 52(a). To the extent certain findings of fact may be deemed conclusions of law,
25
     or certain conclusions of law be deemed findings of fact, they shall each be considered
26
     conclusions or findings, respectively.
27

PLAINTIFF'S [PROPOSED] FOF & COL - 2

NO. 2:15-cv-01050-RAJ

**LAW OFFICE OF MEL CRAWFORD**
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.694-1614  Fax 206.905-2342

**FINDINGS OF FACT**

1. This Court has jurisdiction under 29 U.S.C. § 1132(e).

2. Plaintiff Chris Bunger is employed by Costco Wholesale Corporation ("Costco").

3. Costco employs Mr. Bunger as a "Web Content Specialist," responsible for setting up items on Costco's website; ensuring the accuracy and organization of the website's content; coordinating and implementing changes to that content, and executing campaigns and promotions. Mr. Bunger's job description states that his work requires "excellent written and verbal communication skills" and "strong organizational and analytical skills and attention to detail." It states that his job requires him to perform and direct multiple tasks simultaneously, work cooperatively with others, give training or instruction, maintain composure under all circumstances, work autonomously and make independent judgments. LTD 368-70.

4. Mr. Bunger participates in the Costco Employee Benefits Program – Voluntary Short Term Disability Plan Benefits ("the STD Plan") and the Costco Employee Benefits Program – Long Term Disability Plan Benefits ("the LTD Plan").

5. The STD and LTD Plans are each an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3).

6. Unum insures and administers both Plans. It decides whether to approve or deny claims, and pays benefits for those it approves. STD 378-79; LTD 450-51.

7. Under the STD plan, a person is disabled if "limited from performing the material and substantial duties of your own job . . . due to your sickness . . . and you have a 20% or more loss in weekly earnings due to the same sickness." STD 367.

8. The LTD Plan defines "disabled" in the same terms, except that after nine months the definition changes to an "any occupation" standard the parties have agreed is not relevant here. LTD 428.

9. The Plans define sickness as "an illness or disease." STD 377; LTD 449.

PLAINTIFF'S [PROPOSED] FOF & COL - 3

NO. 2:15-cv-01050-RAJ

LAW OFFICE OF MEL CRAWFORD
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.694-1614  Fax 206.905-2342

10. The Plans define "physician" as –

> a person performing tasks that are within the limits of his or her medical license; and

> a person who is licensed to practice medicine and prescribe and administer drugs or to perform surgery; or . . .

> a person who is a legally qualified medical practitioner according to the laws and regulations of the governing jurisdiction.

LTD-448, STD-376.

11. Beginning in early January, 2014, Mr. Bunger increasingly experienced severe fatigue, accompanied by cognitive problems, pain in his back and lower legs, and other symptoms.  LTD 074, 100, 333.  His treating doctor, Traci Taggart, N.D., summarized his subsequent course:

> He would feel very "out of it", would be unable to connect thoughts, speaking became much more slow as it was difficult to form thoughts, and felt very fatigued. These symptoms would occur as episodes that lasted longer and longer and then became fairly constant over the following weeks. These episodes were at times accompanied by anxiety.  A brain MRI done at the time was normal, as were most of his labs to rule out autoimmune conditions.  In February he was transported to the ER by EMS following an incident where he became very dizzy and confused, was seeing black spots and felt like he was going to pass out. He also developed severe pain in his legs and lower back. He had a neurology consult while at the ER, including a second MRI, and all was normal.

LTD 333.

12. Dr. Taggart, who has provided Mr. Bunger medical care since 2012, stated that this was a change from Mr. Bunger's prior state of good health, and that prior to January 2014, Mr. Bunger "was able to work and actively participate in raising his family and managing his family's household[.]"  Dr. Taggart "noted a very sudden change in Mr. Bunger's cognitive abilities, ability to engage with others around him, irritability [and] level of fatigue" in January 2014.  LTD 374-75.

13. Mr. Bunger applied for disability benefits under the STD Plan.  STD 019-22

PLAINTIFF'S [PROPOSED] FOF & COL - 4

NO. 2:15-cv-01050-RAJ

**LAW OFFICE OF MEL CRAWFORD**
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.694-1614  Fax 206.905-2342

14. Dr. Taggart completed a Costco medical leave form on January 21, 2014.  She stated that Mr. Bunger could "intermittently" perform his job functions, but would need to be absent from work during flare-ups of his condition.  LTD 099-102.

15. Dr. Taggart completed a Unum "Attending Physician's Statement" on February 7, 2014. She stated that Mr. Bunger was "experiencing episodes of severe fatigue, lightheadedness and inability to focus or concentrate" and that these "episodes make it impossible to drive and difficult to work."  STD-49.  She noted diagnoses of ICD-9 780.71 (Chronic Fatigue Syndrome), ICD-9 799.51 (Attention or Concentration Deficit) and ICD-9 (Arthropod-Borne Disease Unspecified).  The latter diagnosis was based on a January 16, 2014 IgM Western Blot test for lyme disease.  LTD-087.

16. Unum determined that Mr. Bunger was disabled as of January 14, 2014.  Because Mr. Bunger had returned to work on January 27, 2014, Unum approved benefits through January 26, 2014.  STD 056-58.

17. After returning to work, Mr. Bunger again found that his illness limited his ability to perform his duties, and went out on medical leave on February 21, 2014.  STD 072. On February 22, 2014, he had an episode of dizziness, weakness and confusion of such severity that he went by ambulance to Northwest Hospital.  A neurologist evaluated him. An MRI of Mr. Bunger's brain was normal, as were chest X-rays and an EKG.  LTD 293-308.

18. Mr. Bunger saw Dr. Taggart on March 4, 2014.  He felt fatigued, weak and mentally slow.  He had episodes of extreme fatigue, even when he had slept through the night, and at times "felt like on verge of losing consciousness" although he "did not black out." These incidents made him "nervous," but Dr. Taggart noted no psychiatric abnormalities. LTD 064.

19. Mr. Bunger re-applied for STD benefits on March 4, 2014.  STD 073.

PLAINTIFF'S [PROPOSED] FOF & COL - 5

LAW OFFICE OF MEL CRAWFORD
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.694-1614  Fax 206.905-2342

1   20. Mr. Bunger returned to part-time work on March 18, 2014.  At that time, Dr. Taggart

2       advised that he would "have periods where he is unable to work . . . that are longer than 5

3       days in a row" and "may also have periods that are asymptomatic."  STD 419, LTD 265.

4   21. On March 24, 2014, Mr. Bunger saw Dr. Taggart's colleague, Bobbi Lutack, N.D., and

5       described dizziness, constant flu-like symptoms, nausea, sleep disruption and being

6       "really tired."  LTD 060-61.  When seen again by Dr. Lutack on March 31, 2014, Mr.

7       Bunger described dizziness, nausea and disrupted sleep.  LTD 058-59.

8   22. Mr. Bunger saw Dr. Lutack on April 7, 2014.  He described continuing fatigue, and

9       difficulty sleeping.  LTD 56.

10  23. Mr. Bunger saw Dr. Taggart on April 22, 2014.  Although he reported having worked

11      about 24 hours the previous week, he continued to "have episodes of lightheadedness &

12      panic/anxiety" which "came out of nowhere."  He was unable to take care of his children

13      on his own.  LTD 52.

14  24. When Dr. Taggart saw Mr. Bunger on May 9, 2014, he reported that he had been able to

15      work only 2 to 3 days a week.  He continued to be unable to care for his children, and

16      required frequent naps.  LTD 048.  Dr. Taggart completed a Family and Medical Leave

17      Act ("FMLA") form stating that Mr. Bunger "is experiencing symptoms of extreme

18      fatigue, dizziness, and inability to focus" and that he was "unable to perform work due to

19      these symptoms."  STD 134.

20  25. On May 15, 2014, Dr. Taggart noted Mr. Bunger had some muscle weakness and tremors

21      when she tested his strength.  He had "overall fatigue a lot," "brain fog" and had been

22      "very confused last week."   LTD 046.

23  26. Dr. Taggart completed a Unum Attending Physician Statement on June 9, 2014.  She

24      stated that Mr. Bunger remained unable to work due to his condition.  She stated that Mr.

25      Bunger was "unable to focus at work"; was "unable to take care of children . . . due to

26      symptoms"; and "needs to rest as much as possible."  LTD 045.

27

PLAINTIFF'S [PROPOSED] FOF & COL - 6

NO. 2:15-cv-01050-RAJ

LAW OFFICE OF MEL CRAWFORD
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.694-1614  Fax 206.905-2342

1    27. On June 20, 2014, Unum employee Raisa Mironowski, RN, completed a "Clinical

2        Analysis" summarizing Mr. Bunger's condition from January 6, 2014 through June 9,

3        2014.  She concluded that the "current clinical exam findings provided by Dr. Taggart

4        and Dr. Lutack supported "R & Ls [restrictions and limitations] of no work" from

5        January 6, 2014 through April 15, 2014.  STD 082.

6    28. On June 25, 2014, Unum wrote Mr. Bunger that it had determined he was disabled under

7        the STD Plan from February 17 through March 16, 2014 "due to your recurrent

8        condition."  STD 077.

9    29. On June 27, 2014, Dr. Taggart stated Mr. Bunger had "extreme fatigue, episodes of

10       vertigo and weakness" and "should not be working or exercising, or performing activities

11       that cause exertion due to [the] nature of his symptoms."  She stated that he "currently is

12       unable to work, drive, exercise or take care of his children because [of] his level of

13       fatigue, weakness and episodes of vertigo."   STD 097.

14    30. Unum employee Kellie Hinson, RN, reviewed Mr. Bunger's medical records on July 8,

15       2014. She concluded that given his "recurrent and worsening symptoms of chronic

16       fatigue syndrome, autonomic dysfunction and peripheral neuropathy related to Lyme's

17       disease and ongoing treatment" the restrictions and limitations Dr. Taggart described

18       were "reasonable."  STD 144-45.

19    31. On July 9, 2014, Unum wrote Mr. Bunger that it had determined he was disabled under

20       the STD Plan through July 10, 2014.  STD 150.

21    32. Dr. Taggart saw Mr. Bunger on July 10, 2014. She observed that his deep tendon reflexes

22       were reduced, and that he had weakness with tremor in his hips, ankles, shoulder and

23       grip.  She noted that he was "slow to respond at times."  He reported experiencing dizzy

24       spells with nausea and vomiting three days earlier.  STD 177.

25    33. Dr. Taggart wrote to Unum on July 30, 2014, answering questions it had addressed to her

26       regarding Mr. Bunger.  She stated that her findings on examination included "weakness

27       and tremors in his lower extremities, dizziness and vertigo, confusion, severe fatigue,

PLAINTIFF'S [PROPOSED] FOF & COL - 7

LAW OFFICE OF MEL CRAWFORD
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.694-1614  Fax 206.905-2342

1   anxiety and intermittent nausea." Unum had provided Mr. Bunger's job description, and

2   asked Dr. Taggart to state his current restrictions and limitations. She responded:

3
4
5
> Patient should not and cannot drive to and from work. He is unable to concentrate and focus for more than a few minutes at a time. He needs to rest frequently. He has difficulty organizing thoughts, reading for any length of time and would not be able to perform any of his work tasks proficiently at this time.

6   LTD 172-73.

7   34. Dr. Taggart saw Mr. Bunger on July 31, 2014. His symptoms had worsened. He was

8   using a cane, due to weakness and being unsteady on his feet. He was "in bed a lot." He

9   had difficulty falling asleep, often not able to do so until 1:00 to 3:00 a.m., after which he

10   then slept deeply for ten hours. He was unable to help with his children, or with cleaning

11   or cooking. LTD 175.

12   35. Unum's Nurse Hinson spoke with Dr. Taggart on August 14, 2014. STD-243. Ms.

13   Hinson summarized their conversation regarding Mr. Bunger:

14
15
16
> . . . his major issues are inability to focus and weakness; he has a lot of default [sic] in focusing while in the office and uses a cane for support when walking. He is also struggling with associated anxiety and has begun seeing a therapist, she thinks at least 1-2 times monthly. He has not been referred to PT but will consider once he gets to that position.

17   STD 243. Ms. Hinson concluded that "given this information . . . [it] would be

18   reasonable to support up to 1 month beyond 7/31/14[.]" *Id*.

19   36. On August 15, 2014, Unum wrote Mr. Bunger that his STD benefits were approved

20   through August 29, 2014. STD 250.

21   37. Dr. Taggart saw Mr. Bunger on September 10, 2014. She wrote a letter to Unum on

22   September 29, 2014, stating in part:

23

24
25
26
27
> Unfortunately, his symptoms continued to worsen over the following months to the point where he had severe weakness in both legs and required a cane to walk. He continued to be very fatigued, often experiencing dizziness and cognitive impairment. He also experienced myalgia and arthralgia, autonomic dysfunction (including sweating, sleep disturbances, and anxiety), phlebitis in his upper extremities, nausea, dermatitis, and tremors/convulsions.

PLAINTIFF'S [PROPOSED] FOF & COL - 8

NO. 2:15-cv-01050-RAJ

LAW OFFICE OF MEL CRAWFORD
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.694-1614 Fax 206.905-2342

Physical exam findings have shown weakness in his lower extremities, intention tremors in the lower extremities, hyperreflexia with clonus, hyporeflexia more recently with fasciculations. His skin is often clammy, and at times he has had inflammation around his eyes. The superficial veins in his upper extremity are often tender with palpation (thrombosis has been ruled out), and his hands at times have been very erythematous in his fingers and palms. He has lymphadenopathy (predominantly cervical), and at times has a mildly elevated temperature. On occasion he has had low back pain with palpation.  . . .

Currently, Mr. Bunger's symptoms prevent him from doing many activities of daily living including cooking, cleaning, caring for his 2 children, and driving. He is also still unable to work due to the nature of his symptoms. He fatigues easily and still has cognitive impairments that prevent him from being able to perform his job functions. He is also unable to drive to and from work due to these cognitive impairments and the dizziness that he experiences at times. Although Mr. Bunger showed and reported improvement at his last visit, his symptoms are cyclical and he continues to report episodes of cognitive impairment and fatigue that will last for several hours and sometimes days. His wife has accompanied him to most of his visits and has confirmed these symptoms.

LTD 333-34.

38. On November 4, 2014, Dr. Taggart wrote Unum again.  She described Mr. Bunger's symptoms, and stated, "Based on these findings and the findings over the past 9 months, I believe Mr. Bunger meets the diagnostic criteria for chronic fatigue syndrome."  LTD 374.  She continued:

I noted a very sudden change in Mr. Bunger's cognitive abilities, ability to engage with others around him, irritability, level of fatigue, and onset of peripheral neuropathy in January 2014. His wife reported that he became disengaged, unable to help with the kids or around the house, very fatigued, and had a very difficult time with his short-term memory. This information is relevant to his case given that there is little in the way of physical exam findings and laboratory studies as is often the case in chronic fatigue syndrome. Given the diagnosis of chronic fatigue syndrome, Mr. Bunger is unable to work at this time even primarily seated.

LTD 375

PLAINTIFF'S [PROPOSED] FOF & COL - 9

NO. 2:15-cv-01050-RAJ

LAW OFFICE OF MEL CRAWFORD
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.694-1614  Fax 206.905-2342

1   39. On November 12, 2014, Unum wrote Mr. Bunger denying his application for long-term

2       disability benefits.  LTD 388-93.

3   40. On November 17, 2014, Unum wrote Mr. Bunger terminating his short-term disability

4       benefits.  STD 339-42.

5   41. Mr. Bunger appealed Unum's termination of his short-term disability benefits and its

6       denial of his long-term disability benefits.  LTD 407-08.

7   42. Unum denied Mr. Bunger's appeal.  LTD 480-86.

8   43. Dr. Taggart and Dr. Lutack are "physicians" as the Plans define that term.

9   44. Mr. Bunger has a "sickness" as the Plans define that term.

10  45. Mr. Bunger's medical providers are credible, and there is no reason to discount or

11      disbelieve their statements, findings and opinions.

12  46. Mr. Bunger's self-reports of his subjective symptoms, including his fatigue and pain, are

13      credible, and there is no reason to disbelieve those statements.

14  47. Although Unum's physicians opined that Mr. Bunger was no longer disabled after

15      August 29, 2014, they did not personally examine or encounter Mr. Bunger, and their

16      opinions are entitled to less weight than the opinions of Mr. Bunger's treating doctors.

17  48. Mr. Bunger has shown by a preponderance of the evidence that, because of the symptoms

18      of his sickness, including chronic fatigue, he was limited from performing the material

19      and substantial duties of his own job, from August 30, 2014 through June 5, 2015.

20  49. Mr. Bunger was disabled under the STD Plan and entitled to receive STD benefits from

21      August 30, 2014 until October 4, 2014.

22  50. Mr. Bunger was disabled under the Plan and entitled to receive LTD benefits from

23      October 5, 2014 through June 5, 2015.

24  51. After nine months of benefits, the LTD Plan's definition of disability changes to an "any

25      occupation" standard.  LTD 428.  The parties agree Unum has not yet determined

26      whether Mr. Bunger is disabled under that definition.

27

PLAINTIFF'S [PROPOSED] FOF & COL - 10

NO. 2:15-cv-01050-RAJ

LAW OFFICE OF MEL CRAWFORD
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.694-1614  Fax 206.905-2342

1

**CONCLUSIONS OF LAW**

2    1.  This matter arises under the Employee Retirement Income Security Act (ERISA), 29

3        U.S.C. § 1001 *et seq*.

4    2.  This Court has jurisdiction over the parties and the subject matter of this action.

5    3.  ERISA provides that a qualifying ERISA plan "participant" may bring a civil action in

6        federal court "to recover benefits due to him under the terms of his plan, to enforce his

7        rights under the terms of the plan, or to clarify his rights to future benefits under the terms

8        of the plan[.]" 29 U.S.C. § 1132(a)(1)(B); *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105,

9        108 (2008) (ERISA "permits a person denied benefits under an employee benefit plan to

10       challenge that denial in federal court."). Mr. Bunger is a "participant," as that term is

11       defined at 29 U.S.C. § 1002(7), in the STD and LTD plans.

12   4.  ERISA benefit determinations are reviewed *de novo* "unless the benefit plan gives the

13       administrator or fiduciary discretionary authority to determine eligibility for benefits or to

14       construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115

15       (1989). Although the STD and LTD Plans state that Unum "has discretionary authority

16       to determine your eligibility for benefits and to interpret the terms and provisions of the

17       policy," (LTD 424; STD 363) authority, Washington prohibits such discretionary clauses

18       in disability policies. WAC 284-96-012. The parties have agreed that review of this

19       matter should be *de novo*. The Court accepts that stipulation. *See Rorabaugh v. Cont'l*

20       *Cas. Co*., 321 Fed. App'x 708, 709 (9th Cir. 2009) (court may accept parties' stipulation

21       to *de novo* review); *Bigham v. Liberty Life Assurance Co. of Boston*, -- F.Supp.3d --,

22       2015 WL 8489417, at *1 (W.D. Wash. 2015).

23   5.  When conducting *de novo* review of a decision by an ERISA plan administrator, the

24       Court undertakes an independent and thorough inspection of the decision. *Silver v.*

25       *Executive Car Leasing Long–Term Disability Plan,* 466 F.3d 727, 733 (9th Cir. 2006). A

26       *de novo* review of an ERISA plan administrator's decision gives no deference to that

27       decision. *Muniz v. Amec Construction Management, Inc.*, 623 F.3d 1290, 1295–1296

PLAINTIFF'S [PROPOSED] FOF & COL - 11

NO. 2:15-cv-01050-RAJ

LAW OFFICE OF MEL CRAWFORD
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.694-1614  Fax 206.905-2342

1    (9th Cir. 2010); *Standard Ins. Co. v. Morrison*, 584 F.3d 837, 847 (9th Cir. 2009), cert.

2    denied, 130 S Ct 3275 (2010).  The Court may draw logical inferences where appropriate.

3    *Oldoerp v. Wells Fargo & Company Long Term Disability Plan*, 12 F.Supp.3d 1237,

4    1251 (N.D. Cal. 2014), citing *Saffon v. Wells Fargo & Co. Long Term Disability Plan,*

5    522 F.3d 863, 871 (9th Cir. 2008).

6  6.  Plaintiff has the burden to establish his entitlement to disability benefits by a

7     preponderance of the evidence.  *Muniz, supra,* 623 F.3d at 1294.

8  7.  "[P]lan administrators are not obliged to accord special deference to the opinions of

9     treating physicians." *Black & Decker Disability Plan v. Nord,* 538 U.S. 822, 825 (2003).

10     However, they "may not arbitrarily refuse to credit a claimant's reliable evidence,

11     including the opinions of a treating physician." *Id.* at 834.  A court "may, in conducting

12     its independent evaluation of the evidence in the administrative record, take cognizance

13     of the fact (if it is a fact in the particular case) that a given treating physician has 'a

14     greater opportunity to know and observe the patient' than a physician retained by the plan

15     administrator." *Jebian v. Hewlett-Packard Co. Employee Benefits Org. Income Prot.*

16     *Plan*, 349 F.3d 1098, 1109 n.8 (9th Cir. 2003) (citing *Nord*, 538 U.S. at 832).  This is

17     particularly true when the claimant suffers from an illness defined by a subjective

18     symptom such as fatigue.  *See Salomaa v. Honda Long Term Disability Plan,* 642 F.3d

19     666, 676 (9th Cir. 2011) (ascribing more weight to the physicians who actually examined

20     the claimant, who had chronic fatigue); *see also Eisner v. The Prudential Ins. Co. of Am.*,

21     10 F. Supp. 3d 1104, 1116 (N.D. Cal. 2014); *Lervick v. Hartford Life and Acc. Ins. Co.,*

22     No. C13–212MJP, 2014 WL 6997650, at *4-5 (W.D. Wash. Dec. 9, 2014); *Oldoerp*,

23     *supra*, 12 F. Supp. 3d 1237, 1254 (N.D. Cal. 2014); *Perryman v. Provident Life &*

24     *Accident Ins. Co.*, 690 F. Supp. 2d 917, 944-45 (D. Ariz. 2010).

25  8.  The parties agree that Mr. Bunger was covered under the STD and LTD Plans.  At issue

26     is whether he was disabled under the Plans for the period from August 30, 2014 through

27     June 5, 2015.  Mr. Bunger is disabled under the STD and LTD Plans if he can establish

PLAINTIFF'S [PROPOSED] FOF & COL - 12

NO. 2:15-cv-01050-RAJ

LAW OFFICE OF MEL CRAWFORD
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.694-1614  Fax 206.905-2342

1    that a sickness or injury limited him from performing the material and substantial duties

2    duties of his own job.  The parties do not dispute that Mr. Bunger has met the other

3    requirements of the Plans.

4    9.  Fatigue and pain are subjective experiences that cannot be measured, but that does not

5        mean such symptoms may be discounted or disbelieved.  *Salomaa*, 642 F.3d at 678;

6        *Saffon,* 522 F.3d at 872-73; *Miles v. Principal Life Ins. Co.*, 720 F.3d 472, 486 (2d Cir.

7        2013).

8    10. The Plan does not exclude conditions based on self-reported or subjective symptoms.

9    11. Mr. Bunger's reports of fatigue and pain are credible, and Unum provides no convincing

10       reason to disbelieve or discount his reports or those of his treating doctors who

11       encountered him person-to-person and could assess the severity and impact of his fatigue.

12   12. Mr. Bunger was disabled within the meaning of the STD Plan and eligible and entitled to

13       receive STD benefits from August 30, 2014 through October 4, 2014.  He was disabled

14       within the meaning of the LTD Plan and eligible and and entitled to receive LTD benefits

15       from October 5, 2014 through June 5, 2015.

16   13. The Court was not presented with evidence regarding Mr. Bunger's eligibility for LTD

17       benefits under the "any occupation" standard set forth in the LTD Plan, which was in

18       effect after June 5, 2015.  Nor did Unum make a determination under that standard.

19       Accordingly, this matter is remanded to Unum to determine whether Mr. Bunger was

20       disabled under the LTD plan after that date.  S*affle v. Sierra Pacific Power Co.*

21       *Bargaining Unit LTD Income Plan*, 85 F.3d 455, 460 (9th Cir. 1996); *Taylor v. Reliance*

22       *Standard Life Ins. Co.*, No. C10-1317, 2012 WL 113558 (W.D. Wash. Jan. 13, 2012).

PLAINTIFF'S [PROPOSED] FOF & COL - 13

NO. 2:15-cv-01050-RAJ

LAW OFFICE OF MEL CRAWFORD
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.694-1614  Fax 206.905-2342

1

**CONCLUSION**

2          Having reviewed Plaintiff's and Defendants' motions, the responses in opposition thereto

3   and replies in support thereof, the Court hereby FINDS and ORDERS:

4          (1)  Plaintiff's Motion for Judgment Under Fed.R.Civ.Pro. 52 (Dkt. No. 13) is

5   GRANTED.  Plaintiff was disabled within the meaning of the STD Plan and eligible and entitled

6   to receive STD benefits from August 30, 2014 until October 4, 2014.  He was disabled under the

7   LTD Plan and eligible and entitled to receive LTD benefits from October 5, 2014 through June 5,

8   2015.

9          (2)  Plaintiff is entitled to recover pre-judgment interest on those unpaid benefits, and to

10   recover his attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(1).

11          (3)  Defendant's Motion for Judgment Under FRCP 52 (Dkt. No. 14) is DENIED.

12          (4)  Judgment shall be entered in favor of Plaintiff and against Defendant.

13          (5)  This matter is remanded to Unum to determine whether Plaintiff remained disabled

14   after June 5, 2015 under the "any occupation" standard set forth in the LTD Plan.

15          (6) No later than ten (10) days from the date of this Order, Plaintiff may file a Motion to

16   recover his attorney's fees and costs, noting it for consideration pursuant to this Court's Local

17   Rules. The motion shall be supported by documentary evidence reflecting the amount of fees

18   sought, and shall include argument as to the authority upon which such fees may be granted and

19   why such fees are reasonable.  Defendant shall file any Response in accordance with the Local

20   Rules, and Plaintiff may file a Reply in accordance with the same.

21          DATED this ____ day of _____, 2016.

22

23

24                                         _____
                                           HON. RICHARD JONES
25                                         UNITED STATES DISTRICT JUDGE

26

27

PLAINTIFF'S [PROPOSED] FOF & COL - 14

NO. 2:15-cv-01050-RAJ

**LAW OFFICE OF MEL CRAWFORD**
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.694-1614  Fax 206.905-2342

1

CERTIFICATE OF SERVICE

2          I certify that on the date noted below I electronically filed this document entitled

3   PLAINTIFF'S [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR

4   JUDGMENT UNDER FED.R.CIV.PRO. 52 AND FINDINGS OF FACT AND

5   CONCLUSIONS OF LAW with the Clerk of the Court using the CM/ECF system, which will

6   send notification of such filing to the following persons:

7          Attorneys for Defendants:

8
    D. Michael Reilly
9   Gabriel Baker
    LANE POWELL, PC
10  1420 Fifth Ave, Ste 4100
    Seattle, WA 98101-2338
11  Email:  reillym@lanepowell.com
            bakerg@lanepowell.com
12

13  DATED this 23rd day of February 2016 at Seattle, Washington.

14

15                                   s/*Mel Crawford*
                                     Mel Crawford
16

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFF'S [PROPOSED] FOF & COL - 15

NO. 2:15-cv-01050-RAJ

LAW OFFICE OF MEL CRAWFORD
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.694-1614  Fax 206.905-2342