HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHRIS BUNGER,

        Plaintiff,

   v.

UNUM LIFE INSURANCE COMPANY OF AMERICA,

        Defendant.

Case No. 2:15-cv-01050-RAJ

ORDER

## I. INTRODUCTION

This matter comes before the Court on Plaintiff Chris Bunger's Motion for Award of Fees and Costs Under 29 U.S.C. § 1132(g)(1). Dkt. # 25. Having reviewed the briefs submitted by the parties and the relevant portions of the record, the Court finds an award of attorney's fees and costs appropriate. For the reasons set forth below, the Court **GRANTS in part and DENIES in part** Plaintiff's motion.

## II. BACKGROUND

The Court has detailed the background of this case in other Orders. *See* Dkt. # 24; Dkt. # 30. Briefly, Plaintiff brings this action under the Employee Retirement Income Security Act ("ERISA"), specifically under 29 U.S.C. § 1132(g)(1) and Federal Rule of Civil Procedure 54(d)(2).

ORDER – 1

This Court previously denied Cross Motions filed by Plaintiff and Defendant Unum Life Insurance Company of America after parties requested a final judgment under Federal Rule of Civil Procedure 52. Dkt. # 24. Plaintiff's initial action, brought under 29 U.S.C. § 1001 *et seq.*, sought to recover short-term disability benefits and long-term disability benefits under Plaintiff's employee benefits programs. *Id.* Plaintiff argued that he was totally disabled under the terms of both plans due to chronic fatigue syndrome, Lyme disease, or an unspecified illness which causes extreme fatigue and inability to concentrate. *Id.* Defendant argued that Mr. Bunger had no properly diagnosed conditions, and had not shown that he was unable to perform his job functions. *Id.*

Based on the record, this Court was not able to determine whether Mr. Bunger is disabled, and the Court instructed Unum to inform Mr. Bunger of what additional testing or diagnostics it required in order to make an informed decision as to whether Mr. Bunger is able to perform his job functions. *Id.* As such, this Court remanded Mr. Bunger's case to Unum in order to further develop the record. *Id.*

Plaintiff has now filed a Motion for Award of Fees and Costs Under 29 U.S.C. § 1132(g)(1); Plaintiff requests $75,100.00 in fees and $743.48 in costs. Dkt. # 33. Defendant opposes the motion. Dkt. # 31.

### III.  DISCUSSION

In an ERISA action, the court has discretion to award reasonable attorneys' fees and costs to either party if the party seeking fees has achieved "some degree of success on the merits." *Hardt v. Reliance Standard Life Ins. Co.,* 560 U.S. 242, 255 (2010) (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694 (1983)); *see also* 29 U.S.C. § 1132(g)(1). However, a claimant does not satisfy this requirement by achieving "trivial success on the merits" or a "purely procedural victor[y]." *Hardt,* 560 U.S. at 255.

A claimant satisfies the *Hardt* standard "if the court can fairly call the outcome of the litigation some success on the merits without conducting a lengthy inquiry into the question whether a particular party's success was 'substantial' or occurred on a 'central

ORDER – 2

issue.'" *Hardt,* 560 U.S. at 255 (internal quotation marks omitted) (brackets omitted). Notably, the Supreme Court in *Hardt* did not decide "whether a remand order, without more, constitutes 'some success on the merits' sufficient to make a party eligible for attorney's fees under § 1132(g)(1)." *Id.* at 256.

**A. Some Degree of Success on the Merits**

The Ninth Circuit has not yet determined whether a remand to the plan administrator is sufficient "success on the merits" to establish eligibility for fees under 29 U.S.C. § 1132(g)(1). Plaintiff argues that he is entitled to a fee award under *Hardt,* and cases interpreting *Hardt,* because a remand is a sufficient degree of success. Dkt. # 25 at 3. Defendant argues that a remand to the administrator, without more, is not sufficient success to warrant a fee award. Dkt. # 31 at 3.

Contrary to Defendant's argument, many courts since *Hardt* hold that a remand to a plan administrator may constitute a sufficient degree of success to warrant fees. *See, e.g.*, *Gross v. Sun Life Assur. Co. of Canada*, 763 F.3d 73, 74-86 (1st Cir. 2014), *cert. denied* 135 S.Ct. 1477 (2015) (finding sufficient success on the merits after the court remanded to the plan administrator and expressly refrained from expressing any view on the ultimate merits of plaintiff's claim.); *McKay v. Reliance Standard Life Ins. Co*., 428 F. App'x 537, 539-547 (6th Cir. 2011) (unpublished) (finding plaintiff achieved some degree of success after plaintiff received "another shot" by remanding for further consideration.); *Huss v. IBM Med. & Dental Plan*, 418 Fed. App'x. 498, 501-513 (7th Cir. 2011) (unpublished) (concluding plaintiff achieved more than "trivial success" after plaintiff "secured a reversal of the administrative denial of benefits, a remand for further proceedings involving a different controlling document, and the imposition of a statutory penalty against defendants.").

Few district courts in the Ninth Circuit have specifically addressed the issue of whether a remand to the defendant is a sufficient degree of success on the merits to qualify for an award of fees and expenses. However, in *Barnes v. AT & T Pension*

ORDER – 3

*Benefit Plan-Nonbargained Program*, the court found that a remand order, without more, adequately established some success on the merits. 963 F. Supp. 2d 950, 962–63 (N.D. Cal. 2013). The *Barnes* court noted how "in the wake of *Hardt,* lower court cases ... have usually concluded that a remand to…conduct further administrative proceedings is not a merely procedural victory [or trivial success] but reflects a sufficient degree of success on the merits to qualify for an award of fees and expenses." *Id*. at 962. (quotations omitted) (quoting *Olds v. Ret. Plan of Int'l Paper Co*, 2011 WL 2160264, at *2 (S.D. Ala. June 1, 2011).

In this case, the Court was unable to determine whether Mr. Bunger was disabled based on the insufficiently developed record. Dkt. # 24 at 19. The Court noted that "Unum's internal documents are rife with their concerns about lack of testing," yet "Unum did not suggest that Mr. Bunger should have further testing done." *Id.* at 20. The Court observed that Unum never seemed to suggest that Mr. Bunger's complaints were "untrue, just that those complaints have not been properly tested, diagnosed, or treated." *Id.* at 21. The proper response, the Court urged, would have been for Unum to inform Mr. Bunger that he required additional testing, diagnosis, and treatment, and "not to simply deny Mr. Bunger's claim." *Id.* In fact, this Court recognized it was "highly unlikely" that Mr. Bunger could spend eight hours a day developing content for his employer's website when his condition left him unable to cook, clean, or care for his children. *Id.*

Ignoring *Barnes*, Unum argues that Mr. Bunger achieved less success on the merits than the plaintiff in *Hardt*. Even so, Mr. Bunger still achieved sufficient success on the merits. *Hardt*, 560 U.S. at 256 (finding plaintiff achieved sufficient success on the merits after the court remanded to the plan administrator and after the court found "compelling evidence that Ms. Hardt is totally disabled due to her neuropathy."); *see also Gross*, 763 F.3d at 77 (finding Hardt's success to be "far more" than trivial success,

ORDER – 4

suggesting circumstances less favorable than Hardt's would also meet the necessary level of success.).

Although the Court did not have sufficient evidence to determine whether Mr. Bunger was disabled, the Court is persuaded that additional testing and diagnostics may strengthen Mr. Bunger's claim, and may even increase the possibility of a favorable benefits determination. *Gross*, 763 F.3d at 79 (noting how a change on the standard of review altered the dynamic between defendant and plaintiff in the subsequent proceeding by increasing the likelihood of a favorable benefits determination, in effect, strengthening plaintiff's claim.). This is especially true in light of the Court's conclusion that Unum appeared to conflate the issue of whether Mr. Bunger was sick with the issue of whether Mr. Bunger had been properly diagnosed. Dkt. # 24 at 21. "Unum may be correct that Mr. Bunger has not been correctly diagnosed. But that does not mean he is not sick." *Id*. Therefore, with further testing, Mr. Bunger may ultimately succeed on his claim, undoubtedly making a remand to Unum far more than a "procedural victory" or "trivial success."

In this case, remanding to Unum with instructions to inform Mr. Bunger of what additional testing it requires to make an informed decision as to whether Mr. Bunger is able to perform his job functions constitutes "some meaningful benefit" for Mr. Bunger. *Gross*, 763 F.3d at 77. Therefore, Mr. Bunger has established sufficient success to satisfy the *Hardt* threshold requirement.

## B. *Hummel* Factors

Once the court concludes that the claimant has satisfied the standard of success set forth in *Hardt,* it must then consider the five factors outlined by the Ninth Circuit in *Hummell v. S.E. Rykoff & Co.,* 634 F.2d 443 (9th Cir.1980), to determine whether to award reasonable attorneys' fees and costs. *Simonia v. Glendale Nissan/Infiniti Disability Plan,* 608 F.3d 1118, 1119 (9th Cir.2010). Those factors are:

ORDER – 5

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

*Hummell,* 634 F.2d at 453.  When the court applies these factors, it "must keep at the forefront ERISA's remedial purposes that should be liberally construed in favor of protecting participants in employee benefit plans." *McElwaine v. U.S. West, Inc.,* 176 F.3d 1167, 1172 (9th Cir.1999).  The court also applies "a 'special circumstances' rule in which a successful ERISA participant should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust."  *Id.* (quotations omitted).

  Mr. Bunger argues that he is entitled to fees and costs because (1) Unum acted in bad faith; (2) Unum is able to satisfy a fee award; (3) an award of fees will deter Unum and other employers from failing to communicate important information to participants when managing their claims; (4) a fee award to Mr. Bunger would prompt Unum to manage disability claims with more care, benefiting other participants; and (5) Mr. Bunger's position is relatively more meritorious.  Dkt. # 25.  Unum argues that fees are unwarranted because (1) Unum did not act in bad faith; (2) although Unum is able to pay, this is not enough to force Unum to bear this burden; (3) there is no need for deterrence here because Unum did not act in bad faith; (4) a fee award does not benefit all participants or beneficiaries of the plan, nor does plaintiff's case involve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions do not support a fee award.  Dkt. # 31.

ORDER – 6

The *Hummell* factors do not require the Court to find that each factor weighs in support of fees because the factors "reflect a balancing." *McElwaine v. US W., Inc.*, 176 F.3d 1167, 1173 (9th Cir. 1999). As an initial matter, the Court does not find that Unum's actions rise to level of bad faith or culpability required under the first *Hummell* factor. *E.g.*, *Taylor v. Reliance Standard Life Ins. Co.,* No., 2012 WL 113558, at *6 (W.D. Wash. Jan. 13, 2012) (finding that the defendant did not act in bad faith even though defendant abused its discretion in terminating plaintiff's benefits after failing to inform plaintiff of what information was required to perfect his disability claim and why this information was necessary.). However, the Court notes that Unum's internal documents were "rife with concern" about the lack of testing, and Unum should have shared these concerns with Mr. Bunger. Dkt. # 24 at 20. Although the Court finds it troubling that Unum did not suggest that further testing should be conducted, Unum's actions do not constitute bad faith.

Second, it is likely that Unum is able to satisfy the fee award. Unum does not deny this. Therefore, this factor weighs in favor of a fee award. Third, although Unum did not act in bad faith, an award of fees could deter other plan administrators from failing to inform participants of the necessary testing required to succeed on a claim for disability benefits, especially when plan administrators are acutely aware of the inadequate diagnostic testing. Unum argues that this factor should not weigh in favor of an award because in the absence of factor one—culpability or bad faith—"there is no need to make an example of a party in order to deter others." *Providence Health Sys.-Washington v. Bush, No*., 2007 WL 505657, at *2 (W.D. Wash. Feb. 12, 2007). However, the Ninth Circuit has found, even in the absence of bad faith or culpability, that the deterrence factor can weigh in favor of a fee award. *McElwaine*, 176 F.3d at 1173. The Court declines Unum's reading of the third *Hummell* factor. Courts have found it necessary to distinguish between the first and third *Hummell* factors—in fact, the third factor would be superfluous if merged with the first factor.

ORDER – 7

Fourth, there is no evidence that Mr. Bunger sought to benefit all plan participants or to resolve a significant legal issue. Therefore, the fourth *Hummell* factor is neutral. Fifth, the Court has remanded to Unum with instructions to inform Mr. Bunger of the additional testing necessary, which may ultimately increase Mr. Bunger's chance of succeeding on his claim. For this reason, the fifth *Hummell* factor weighs in favor of a fee award.

In sum, the Court concludes that the *Hummell* factors weigh in favor of awarding Mr. Bunger reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(1).

**C. Reasonable Attorneys' Fees**

In determining the reasonable amount of fees and costs to award, the court uses a hybrid lodestar/multiplier approach. *McElwaine,* 176 F.3d at 1173. The court arrives at the "lodestar" figure by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Id.* Additionally, "[t]he party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours and the rates claimed." *Welch v. Metro. Life Ins. Co.,* 480 F.3d 942, 945–46 (9th Cir. 2007) (citing *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)).

In the Ninth Circuit, "the determination of a reasonable hourly rate 'is not made by reference to the rates actually charged the prevailing party.'" *Welsh,* 480 F.3d at 946 (quoting *Mendenhall v. Nat'l Transp. Safety Bd.,* 213 F.3d 464, 471 (9th Cir. 2000)). "Rather, billing rates should be established by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity." *Id.* (internal quotation omitted). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United*

ORDER – 8

*Steelworkers of Am. v. Phelps Dodge Corp.,* 896 F.2d 403, 407 (9th Cir.1990) (citing *Chalmers v. City of L.A.,* 796 F.2d 1205, 1214 (9th Cir.1986)).

Mr. Bunger requests $75,100.00 in attorneys' fees and $743.48 in costs. Dkt. # 33. Mr. Bunger's requests include fees for attorney Mel Crawford at a rate of $500 per hour.[1] Dkt. # 25. This Court finds these to be reasonable rates. *See Hogan v. Unum Life Ins. Co. of Am.*, Case No. C14-1028RSM, Dkt. # 45 (W.D. Wash. 2015) (finding that the declarations of Mel Crawford and Steve Frank are satisfactory evidence to establish the reasonableness of the rates.).

However, the Court deducts $2,600 from attorneys' fees for costs resulting from the 5.2 hours spent on a Proposed Order with Proposed Findings of Fact and Conclusions of Law, which the Court found to be untimely and did not consider. *See* Dkt. Txt. (03/03/16). Mr. Bunger agreed to exclude the 0.2 hours counsel spent on November 5, 2015—this amount was already subtracted in the total fees requested by Plaintiff. Dkt. # 33. The Court will not exclude the 1.4 hours Mr. Bunger's counsel spent on settlement discussions because this time was reasonably expended on the litigation. Dkt. # 31 at 10. Therefore, the total attorneys' fees awarded are $72,500.00, and the total costs awarded are $743.48.

## IV.  CONCLUSION

For the reasons stated above, the Court **GRANTS in part and DENIES in part** Plaintiff's motion; the Defendant shall pay Plaintiff's attorney's fees in the amount of **$72,500.00** and costs in the amount of **$743.48**.

DATED this 8th day of February, 2017.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

---

[1] Unum does not argue that $500 per hour is unreasonable for Mr. Crawford's time. Dkt. # 31.

ORDER – 9