HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

CHRIS BUNGER,

Plaintiff,

v.

UNUM LIFE INSURANCE COMPANY OF AMERICA,

Defendant.

No. 2:15-cv-01050-RAJ

[PROPOSED] ORDER GRANTING PLAINTIFF'S SECOND MOTION FOR JUDGMENT UNDER FED.R.CIV.PRO. 52 AND FINDINGS OF FACT AND CONCLUSIONS OF LAW

This matter comes before the Court on a Motion filed by Plaintiff Chris Bunger seeking a final judgment under Federal Rule of Civil Procedure 52 ("Rule 52") based on an administrative record created in an underlying Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq*. ("ERISA") dispute. Dkt. No. 47.

Plaintiff brings this action to recover short-term disability ("STD") and long-term disability ("LTD") benefits under the Costco Employee Benefits Program's – Voluntary Short Term Disability Plan and the Costco Employee Benefits Program's – Long Term Disability Plan. Those plans are insured through policies issued by Unum Life Insurance Company of America ("Unum"). Plaintiff submits that he was disabled under the terms of the STD policy from August 30, 2014 through October 4, 2014 and that he has been disabled under the LTD policy from October 5, 2014 through the present. Defendants submit that Plaintiff was not disabled.

LAW OFFICE OF MEL CRAWFORD
9425 35th Avenue N.E., Suite C
Seattle, Washington 98115
Tel 206.694-1614 Fax 206.905-2342

The parties previously filed cross motions under Rule 52. Dkt. Nos. 13 and 14. The Court denied those motions on July 20, 2016 and remanded to Unum to further develop the record. Dkt. No. 24. An expanded record is now before the Court, and based on that record and for the reasons set forth below, the Court finds Plaintiff disabled under the terms of the STD and LTD Plans, and entitled to receive disability benefits under those Plans.

**PROCEDURAL ISSUES**

The Court previously determined it may conduct a *de novo* trial of this matter under Rule 52 based on the administrative record. Dkt. No. 24 at 2-3, 17. That record is comprised of three sets of documents provided to the Court: (1) Unum's claim file regarding Mr. Bunger's claim for short-term disability benefits, Bates-stamped "UA-CL-STD" and numbered from 000001 through 000447; (2) Unum's original claim file regarding Mr. Bunger's claim for long-term disability benefits, Bates-stamped "UA-CL-LTD" and numbered from 000001 through 000513; and (3) Unum's expanded claim file, Bates-stamped UA-CL-LTD-000001 through UA-CL-LTD-000992, with the word "UPDATED" appearing below that stamp. The expanded claim file is referred to here as "AR."

**FINDINGS OF FACT**

1. The Court incorporates its prior findings of fact set forth in Dkt. No. 24, the Order remanding this matter to Unum.
2. Following the Court's remand, Unum required Mr. Bunger to obtain Lyme serology testing. AR 678. The results of that January 17, 2017 testing were negative. AR 814-16
3. Also following the Court's remand, a number of medical specialists evaluated Mr. Bunger. Rheumatologist Richard Neiman, M.D., did so on November 8, 2016, and stated that Mr. Bunger's differential diagnosis includes chronic Lyme with immunologic response, chronic fatigue syndrome, and fibromyalgia without tender points. AR 669. Dr. Neiman noted that chronic fatigue syndrome and fibromyalgia "blend together somewhat, and are part of the same disease spectrum" and that there is no laboratory test

LAW OFFICE OF MEL CRAWFORD
9425 35th Avenue N.E., Suite C
Seattle, Washington 98115
Tel 206.694-1614 Fax 206.905-2342

for either sickness. *Id*. He stated that Mr. Bunger "may never have a clear diagnosis." *Id*.

4. Neurologist Lee-Loung Liou, MD, Ph.D., evaluated Mr. Bunger on November 21, 2016, and found no neurologic disorder. AR 714. Dr. Liou diagnosed "Fatigue, unspecified type," ICD-10 code R53.83. AR 707. ARNP David Coots noted the same diagnosis on July 12, 2016. AR 795.

5. Psychiatrist Robert Sise, M.D., evaluated Mr. Bunger on September 10, 2016 on behalf of the Social Security Administration. AR 660. Dr. Sise noted Mr. Bunger's medical history as positive for chronic fatigue syndrome and Lyme disease. AR 661. He found "no evidence of malingering or factitious disorder." AR 663.

6. Psychologist Michael Badger, Ph.D., saw Mr. Bunger on at least 18 occasions. AR 844. Dr. Badger stated he had "no reason to doubt the authenticity or accuracy of [Mr. Bunger's] stated diagnosis," which he understood to be chronic fatigue syndrome and/or Lyme disease. AR 844. He stated that the anxiety for which he was treating Mr. Bunger was "not the cause of his occasionally disabling fatigue, so much as the result of it[.]" *Id*. He stated on November 12, 2016 that Mr. Bunger was not "capable of performing consequential work-related activities on a sustained basis at this time." *Id*.

7. Mr. Bunger's primary care physician, Traci Taggart, N.D., states Mr. Bunger's "persistent symptoms prevent [him] from being able to work at any job on a regular, continuous, and predictable basis." AR 879. She states that if Mr. Bunger engages in mental or physical exertion one day, on the following day he will have increased fatigue, pain, and difficulty concentrating such that he is unable to work or perform activities of daily living. *Id*.

8. Mr. Bunger's medical providers are credible, and there is no reason to discount or disbelieve their statements, findings and conclusions.

9. While his precise diagnosis remains uncertain and, according to Dr. Neiman, may never be known, (AR 669), Mr. Bunger has a "sickness" within the meaning of the short-term

LAW OFFICE OF MEL CRAWFORD
9425 35th Avenue N.E., Suite C
Seattle, Washington 98115
Tel 206.694-1614 Fax 206.905-2342

and long-term disability plans. That sickness causes him waxing and waning fatigue, pain and other symptoms. Mr. Bunger states that he has "good days and bad days" in about equal measure, and that on "bad days" his fatigue is so debilitating as to leave him unable to do basic chores or tasks, or to interact with his family. AR 855.

10. None of the medical professionals who personally examined Mr. Bunger expressed any skepticism of his symptom reports. The record provides no reason to disbelieve or discount Mr. Bunger's account of the nature and extent of his fatigue and other symptoms.

11. Unum's physicians did not personally examine or meet Mr. Bunger.

12. Mr. Bunger has shown by a preponderance of the evidence that, because of the symptoms of his sickness, including chronic and debilitating fatigue, he was limited from performing the material and substantial duties of his own job, from August 30, 2014 through July 5, 2015. He has also shown by a preponderance of the evidence that due to that sickness, he is unable to perform the duties of any gainful occupation for which he is reasonably fitted by education, training or experience. His sickness leaves him unable to attend work in the regular and consistent manner that is required in order to maintain employment. He would have many and unpredictable absences. Further, if he was able to be present at work, it is unlikely he would be able to attend to the demands of any job given his fatigue and related symptoms.

13. A person is "disabled" under the STD policy if "limited from performing the material and substantial duties of your own job . . . due to your sickness[.]" STD-367.

14. The LTD policy defines "disabled" as follows:

> you are limited from performing the material and substantial duties of your own job or a reasonable alternative offered to you by your Employer due to your sickness or injury; and
>
> you have a 20% or more loss in your indexed monthly earnings due to the same sickness or injury.

LAW OFFICE OF MEL CRAWFORD
9425 35th Avenue N.E., Suite C
Seattle, Washington 98115
Tel 206.694-1614 Fax 206.905-2342

> After 9 months of payments, you are disabled when Unum determines that due to the same sickness or injury, you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience.

AR 429.

15. Because Unum denied Mr. Bunger was disabled from his own job, he did not have the opportunity to challenge or appeal any conclusion Unum may have reached regarding his ability to perform the duties of "any gainful occupation."

**CONCLUSIONS OF LAW**

1. ERISA provides that a qualifying ERISA plan "participant" may bring a civil action in federal court "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]" 29 U.S.C. § 1132(a)(1)(B); *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 108 (2008) (ERISA "permits a person denied benefits under an employee benefit plan to challenge that denial in federal court."). Mr. Bunger is a "participant," as that term is defined at 29 U.S.C. § 1002(7), in the Costco STD and LTD plans.
2. ERISA does not set forth the appropriate standard of review for actions challenging benefit eligibility determinations. *Firestone*, 489 U.S. at 109. The parties, however, have stipulated to *de novo* review, and the Court has previously determined to review the record *de novo*. Dkt. No. 24 at 17.
3. When conducting *de novo* review of a decision by an ERISA plan administrator, the Court undertakes an independent and thorough inspection of the decision. *Silver v. Executive Car Leasing Long–Term Disability Plan,* 466 F.3d 727, 733 (9th Cir. 2006). A *de novo* review of an ERISA plan administrator's decision gives no deference to that decision. *Muniz v. Amec Construction Management, Inc.*, 623 F.3d 1290, 1295–1296 (9th Cir. 2010); *Standard Ins. Co. v. Morrison*, 584 F.3d 837, 847 (9th Cir. 2009), cert. denied, 130 S Ct 3275 (2010). The Court may draw logical inferences where appropriate. *Oldoerp v. Wells Fargo & Company Long Term Disability Plan*, 12 F.Supp.3d 1237,



LAW OFFICE OF MEL CRAWFORD
9425 35th Avenue N.E., Suite C
Seattle, Washington 98115
Tel 206.694-1614 Fax 206.905-2342

1251 (N.D. Cal. 2014) (citing *Saffon v. Wells Fargo & Co. Long Term Disability Plan,* 522 F.3d 863, 871 (9th Cir. 2008)).

4. Plaintiff has the burden to establish his entitlement to disability benefits by a preponderance of the evidence. *Muniz, supra,* 623 F.3d at 1294.

5. "[P]lan administrators are not obliged to accord special deference to the opinions of treating physicians." *Black & Decker Disability Plan v. Nord,* 538 U.S. 822, 825 (2003). However, they "may not arbitrarily refuse to credit a claimant's reliable evidence, including the opinions of a treating physician." *Id.* at 834. A court "may, in conducting its independent evaluation of the evidence in the administrative record, take cognizance of the fact (if it is a fact in the particular case) that a given treating physician has 'a greater opportunity to know and observe the patient' than a physician retained by the plan administrator." *Jebian v. Hewlett-Packard Co. Employee Benefits Org. Income Prot. Plan*, 349 F.3d 1098, 1109 n.8 (9th Cir. 2003) (citing *Nord*, 538 U.S. at 832). This is particularly true when the claimant suffers from an illness defined by a subjective symptom such as fatigue. *See Salomaa v. Honda Long Term Disability Plan,* 642 F.3d 666, 676 (9th Cir. 2011) (ascribing more weight to the physicians who actually examined the claimant, who had chronic fatigue); *see also Eisner v. The Prudential Ins. Co. of Am.*, 10 F. Supp. 3d 1104, 1116 (N.D. Cal. 2014); *Lervick v. Hartford Life and Acc. Ins. Co.,* No. C13–212MJP, 2014 WL 6997650, at *4-5 (W.D. Wash. Dec. 9, 2014); *Oldoerp*, *supra*, 12 F. Supp. 3d 1237, 1254 (N.D. Cal. 2014); *Perryman v. Provident Life & Accident Ins. Co.*, 690 F. Supp. 2d 917, 944-45 (D. Ariz. 2010).

6. Fibromyalgia and chronic fatigue syndrome are not established through objective tests or evidence. *Orzechowski v. Boeing Co. Non-Union Long-Term Disability Plan, Plan No. 625*, 856 F.3d 686, 696 (9th Cir. 2017). Fatigue and pain are subjective experiences that cannot be measured, but that does not mean such symptoms may be discounted or disbelieved. *Salomaa*, 642 F.3d at 678; *Saffon,* 522 F.3d at 872-73; *Miles v. Principal Life Ins. Co.*, 720 F.3d 472, 486 (2d Cir. 2013).

LAW OFFICE OF MEL CRAWFORD
9425 35th Avenue N.E., Suite C
Seattle, Washington 98115
Tel 206.694-1614 Fax 206.905-2342

7. Mr. Bunger's reports of fatigue and pain are credible, and Unum provides no convincing reason to disbelieve or discount his reports or those of the medical professionals who encountered him person-to-person and could assess the severity and impact of his fatigue.

8. "Regular job attendance is a requirement of virtually all jobs[.]" *Delaney v. Prudential Ins. Co. of Am.*, 68 F. Supp. 3d 1214, 1229 (D. Or. 2014). Due to his sickness, Mr. Bunger would have many and unpredictable absences, and could not meet that basic requirement of employment.

9. Mr. Bunger has met his burden to establish his entitlement to disability benefits by a preponderance of the evidence. *Muniz, supra,* 623 F.3d at 1294. He was disabled within the meaning of the STD Plan from August 30, 2014 through October 4, 2014, in that he was limited from performing the material and substantial duties of his own job due to sickness, and was thus eligible and entitled to receive STD benefits for that period.

10. Mr. Bunger was disabled within the meaning of the LTD Plan from October 5, 2014 through July 5, 2015, in that he was limited from performing the material and substantial duties of his own job due to sickness, and was thus eligible and entitled to receive LTD benefits for that period.

11. Generally, an ERISA plaintiff "must avail himself or herself of a plan's own internal review procedures" by an appeal to the insurer "before bringing suit in federal court." *Diaz v. United Agric. Employee Welfare Benefit Plan & Trust*, 50 F.3d 1478, 1483 (9th Cir.1995). This "exhaustion requirement" serves "to help reduce the number of frivolous lawsuits under ERISA; to promote the consistent treatment of claims for benefits; to provide a nonadversarial method of claims settlement; and to minimize the costs of claims settlement for all concerned." *Amato v. Bernard*, 618 F.2d 559, 567 (9th Cir. 1980); *see also Diaz*, 50 F.3d at 1483.

12. The ERISA statutes do not themselves require exhaustion. *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 961 n. 2 (9th Cir. 2006). Nor is exhaustion a jurisdictional requirement. *Vaught v. Scottsdale Healthcare Corp. Health Plan*, 546 F.3d 620, 626 n. 2

LAW OFFICE OF MEL CRAWFORD
9425 35th Avenue N.E., Suite C
Seattle, Washington 98115
Tel 206.694-1614 Fax 206.905-2342

(9th Cir.2008). Accordingly, a "trial court has discretion to adhere to the exhaustion requirement or apply a judicially-created exception to excuse the failure to exhaust administrative remedies." *Smith v. Weekly Disability Income Ins. for Employees of Friends of KEXP*, No. C09-0937-JCC, 2010 WL 890068, at *2 (W.D. Wash. Mar. 9, 2010). The most "familiar examples" of courts excusing exhaustion are when "resort to the administrative route is futile or the remedy inadequate." *Id.*, (quoting *Amato*, 618 F.2d at 568). The futility exception "is designed to avoid the need to pursue an administrative review that is demonstrably doomed to fail." *Diaz*, 50 F.3d at 1485.

13. Given that Unum denies Mr. Bunger is disabled from his own job, it would be futile for Mr. Bunger to ask Unum to deem him disabled from any occupation. Unum's position with respect to whether Mr. Bunger is disabled from any gainful occupation is known, and requiring Mr. Bunger to exhaust administrative remedies on that issue would serve no purpose.

14. The Court therefore exercises its discretion and excuses Mr. Bunger from having to exhaust administrative remedies with respect to whether he is disabled from any gainful occupation.

15. Mr. Bunger was and remains disabled within the meaning of the LTD Plan since June 6, 2015, in that he has been unable to perform the duties of any gainful occupation for which he might be reasonably fitted by education, training or experience. He has been eligible for, and entitled to, long-term disability benefits since July 6, 2015 through the date of judgment. He will continue to be eligible for, and entitled to, long-term disability benefits for as long as he remains disabled under the terms of the Costco LTD Plan.

LAW OFFICE OF MEL CRAWFORD
9425 35th Avenue N.E., Suite C
Seattle, Washington 98115
Tel 206.694-1614 Fax 206.905-2342

## CONCLUSION

Having reviewed Plaintiff's motion and the papers filed by the parties, the Court hereby FINDS and ORDERS:

(1) Plaintiff's Second Motion for Judgment Under Fed.R.Civ.Pro. 52 (Dkt. No. 47) is GRANTED. Plaintiff was disabled within the meaning of the STD Plan and eligible and entitled to receive STD benefits from August 30, 2014 until October 4, 2014. He was disabled under the LTD Plan and eligible and entitled to receive LTD benefits from October 5, 2014 through the date of judgment and so long as he remains disabled under the terms of the LTD Plan.

(2) Defendant is ORDERED to pay Plaintiff all STD and LTD benefits owing since August 30, 2014.

(3) Plaintiff is entitled to recover pre-judgment interest on those unpaid benefits, and to recover his attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(1).

(4) Judgment shall be entered in favor of Plaintiff and against Defendant.

(5) No later than ten (10) days from the date of this Order, Plaintiff may file a motion to address the amount of prejudgment interest that should be awarded and to recover his attorney's fees and costs, noting the motion for consideration pursuant to this Court's Local Rules. The motion shall be supported by documentary evidence reflecting the amount of interest, fees and costs sought, and shall include argument as to the authority upon which such interest, fees and costs may be granted. Defendant shall file any Response in accordance with the Local Rules, and Plaintiff may file a Reply in accordance with the same.

DATED this ____ day of ______________________, 2017.

______________________________
HON. RICHARD JONES
UNITED STATES DISTRICT JUDGE

LAW OFFICE OF MEL CRAWFORD
9425 35th Avenue N.E., Suite C
Seattle, Washington 98115
Tel 206.694-1614 Fax 206.905-2342

CERTIFICATE OF SERVICE

I certify that on the date noted below I electronically filed this document entitled PLAINTIFF'S [PROPOSED] ORDER GRANTING PLAINTIFF'S SECOND MOTION FOR JUDGMENT UNDER FED.R.CIV.PRO. 52 AND FINDINGS OF FACT AND CONCLUSIONS OF LAW with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following persons:

Attorneys for Defendants:

D. Michael Reilly
David Howenstine
LANE POWELL, PC
1420 Fifth Ave, Ste 4100
Seattle, WA 98101-2338
Email: reillym@lanepowell.com
howenstined@lanepowell.com

DATED this 3rd day of August 2017 at Seattle, Washington.

s/*Mel Crawford*
Mel Crawford

LAW OFFICE OF MEL CRAWFORD
9425 35th Avenue N.E., Suite C
Seattle, Washington 98115
Tel 206.694-1614 Fax 206.905-2342